**In re LILYDALE GRAND CENTRAL CORPORATION, Debtor.**

**PALEN/KIMBALL COMPANY, a Minnesota Corporation, Plaintiff,**

**v.**

**The FIRST NATIONAL BANK OF ST. PAUL, a national banking Corporation; The Liberty State Bank, a state banking corporation; William Lethert; and William Whelan, Defendants.**

**Bankruptcy No. 3–80–00362.
Adv. No. 81–0003.**

United States Bankruptcy Court,
D. Minnesota,
Third Division.

Feb. 24, 1981.

William I. Kampf, St. Paul, Minn., for debtor.

Brian F. Leonard, St. Paul, Minn., for Palen/Kimball Co.

Richard D. Donohoo, Bruce G. Odlaug, St. Paul, Minn., for The First National Bank of St. Paul.

Thomas Burke, St. Paul, Minn., for William Whelan.

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR JUDGMENT

JACOB DIM, Bankruptcy Judge.

The above matter came on for hearing at 10 o'clock a. m. on Monday, February 23,

1981. Present and appearing for the debtor was William I. Kampf, Esq.; for Palen/Kimball Company was Brian F. Leonard, Esq.; for The First National Bank of St. Paul were Richard D. Donohoo, Esq., and Bruce G. Odlaug, Esq.; and for William Whelan was Thomas Burke, Esq.

This adversary proceeding concerns the claim of the plaintiff, which installed heating and air conditioning units on the debtor's premises, to receive payment therefor from certain insurance proceeds which are in the actual physical possession of The First National Bank of St. Paul. The Court is informed that defendants The Liberty State Bank and William Lethert disclaim any interest in said insurance proceeds and said defendants also agree to endorse the drafts representing said proceeds upon request. The plaintiff has, therefore, agreed to dismiss said defendants from this action.

The plaintiff has served and filed two motions. The first motion requests that the above debtor be included in this litigation as a nominal defendant, and no party objected to this motion. The second motion by the plaintiff was for summary judgment. Defendant First National Bank of St. Paul opposed the motion for summary judgment. The debtor and defendant William Whelan appeared and argued in favor of plaintiff's motion for summary judgment. The plaintiff and defendant William Whelan have agreed and stipulated, should the Court grant plaintiff's motion, on a division of the insurance proceeds which are the subject of this case.

Based upon all of the files, proceedings, and affidavits, this Court now makes its

## FINDINGS OF FACT

1. The above debtor filed a petition in Chapter 11 of the United States Bankruptcy Code on the 18th day of March, 1980, and said debtor has been operating, and continues to operate, in said proceeding.

2. The First National Bank of St. Paul has two mortgages on the debtor's premises, one of which was the subject of a mortgage foreclosure sale on September 6, 1980. The other mortgage has not been foreclosed.

3. The debtor suffered damage by fire to buildings on its premises, and the debtor hired defendant William Whelan as an adjuster to present a claim on the debtor's hazard insurance policy for payment of said damage. The debtor agreed to pay said William Whelan 10% of the amount of insurance proceeds recovered thereby and William Whelan duly performed said services for the debtor.

4. The insurance company for the debtor subsequently issued two drafts as payment for the fire damage, which drafts total $28,-651.15. Named as payees thereon were the debtor and each of the defendants. The defendants other than William Whelan were named as payees due to their lien interests in said property under the terms of the insurance policy.

5. In the late summer of 1980 the debtor, as part of its operations in said Chapter 11 proceeding, instituted negotiations with a prospective tenant for the rental of the debtor's premises, including that portion of its premises which had been damaged by the aforementioned fire.

6. Pursuant to its negotiations with the prospective tenant, the debtor agreed to repair the heating and air conditioning units on the premises in order to render the premises suitable for said tenant.

7. In November, 1980, the debtor contracted with the plaintiff for the installation of two combination heating and air conditioning units which had been damaged on the debtor's premises in the aforementioned fire. Pursuant to such contract, the plaintiff did install said heating and cooling units, and invoiced the debtor for the labor and materials provided in said contract in the amount of $26,300.00.

8. The debtor represented to the plaintiff, prior to the commencement of work on the premises, that the plaintiff would be paid from the proceeds of the hazard insurance policy which insured the debtor against fire loss.

9. The plaintiff has completed its installation of the heating and air conditioning

units and the amount of $26,300.00 is the amount which the debtor had agreed to pay for said installation.

10. The First National Bank of St. Paul took actual physical possession of the insurance drafts, and has retained possession of them in an unnegotiated form. The First National Bank expressed to this Court that it intended to apply said proceeds on the amount of an existing mortgage on the debtor's premises, which mortgage has not yet been foreclosed.

## CONCLUSIONS OF LAW

1. The Bankruptcy Court has jurisdiction over this proceeding pursuant to Title 28, United States Code, Section 1471.

2. The debtor is operating its business pursuant to Title 11, United Stated Code, Sections 1107 and 1108.

3. The fire loss insurance proceeds in question in this case are the property of the debtor.

4. The debtor, in its Chapter 11 proceedings, has the power and authority to contract with third parties for the repair of its premises, and has the authority to utilize the insurance proceeds in question for the repair of its premises which were damaged by fire in the furtherance of its business operations.

5. The repair of the fire damage to the debtor's premises was reasonable and necessary in the furtherance of the debtor's business operations.

6. The debtor properly entered into a valid and binding contract with the plaintiff for the installation of two heating and air conditioning units in the debtor's premises and the plaintiff is entitled to payment for its labor and materials supplied for the repair of the debtor's premises from the fire loss insurance proceeds.

7. The debtor properly entered into a valid and binding agreement with William Whelan whereby William Whelan performed fire loss adjusting services for the debtor, for which services William Whelan is entitled to be paid the agreed amount of 10% of the insurance proceeds received in this matter from said insurance proceeds.

8. The First National Bank of St. Paul has no right to the insurance proceeds in question, it being within the power of the debtor to utilize said insurance proceeds for the repair of its premises in the furtherance of the debtor's business operations.

9. No material issue of fact exists in this case, and the plaintiff is entitled to judgment as a matter of law.

Based upon the foregoing Findings of Fact and Conclusions of Law, this Court now makes its

## ORDER

1. Plaintiff's motion to join the debtor as a party defendant for the purpose of determining its interest in the insurance proceeds is granted.

2. Summary judgment in favor of plaintiff is hereby granted and the plaintiff is thereby entitled to receive the insurance proceeds held by The First National Bank of St. Paul, and no other party has any interest in said proceeds except defendant William Whelan.

3. The First National Bank of St. Paul is hereby directed and ordered to endorse and turn over to the plaintiff the two insurance drafts presently in its possession, which drafts total $28,651.15.

4. The First National Bank of St. Paul is directed and ordered to effect the endorsement and turn over of the insurance drafts to the plaintiff forthwith.